United States District Court
Southern District of Texas

**ENTERED**

May 26, 2026

Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| YAMILE SOTOLONGO-CUERVO, | § § | CIVIL ACTION NUMBER 4:26-cv-02323 |
| Petitioner, | § | |
| | § | |
| | § | |
| versus | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| PAMELA BONDI, *et al*, | § | |
| Respondents. | § | |

**ORDER OF DISMISSAL**

Petitioner Yamile Sotolongo-Cuervo filed a petition for writ of *habeas corpus* on March 23, 2026. Dkt 1. She acknowledges illegal entry into the United States at a prior date but nonetheless asserts that her present detention under 8 USC §1225(b), after being previously detained and released on her own recognizance pursuant to 8 USC §1226(a), violates (i) the Due Process Clause of the Fifth Amendment, (ii) the Immigration and Nationality Act, (iii) equal protection, (iv) the Administrative Procedure Act, (v) equitable estoppel, and (vi) the Suspension Clause. Id at ¶¶21, 48–113.

Prior order noted that the petition appeared to primarily raise issues resolved by the decision of the Fifth Circuit in *Buenrostro-Mendez v Bondi*, 166 F4th 494 (5th Cir 2026), and prior decisions by the undersigned. See Dkt 6 at 1–2. Even so, the Government was ordered to show cause with a filing establishing the propriety of Petitioner's continued detention. Id at 2.

Pending also is a motion by the Government for summary judgment. Dkt 8. It maintains that no bond hearing is required because Petitioner is subject to mandatory detention under 8 USC §1225(b)(2)(A). Id at 3–

4. It further contends that each of Petitioner's arguments fail on the merits. Id at 4–12.

Petitioner on reply contends that she is eligible for release on bond pursuant to the plain language of 8 USC §1226(a) and that her prior release on recognizance pursuant to that statute renders her present detention unlawful. Dkt 9 at 2–9.

As noted in prior order, the Fifth Circuit has issued a controlling decision in *Buenrostro-Mendez*. In sum, it holds that anyone present in the United States without legal admission is both an "applicant for admission" and deemed to be "seeking admission," and that all such persons are thus subject to mandatory detention under 8 USC §1225(b)(2)(A). See 166 F4th at 502–08.

The undersigned has also determined a number of other issues before and since the Fifth Circuit decided *Buenrostro-Mendez*. For example, see:

- *Penafiel Clavijo v Thompson*, 2026 WL 923310 (SD Tex): Holding that (i) procedural due process doesn't require an individualized custody determination beyond the mandate of 8 USC §1225(b)(2)(A), and (ii) pre-removal-order detention without a bond hearing pending removal proceedings didn't violate substantive due process, where not exceeding the presumptively reasonable six-month period enunciated in *Zadvydas v Davis*, 533 US 678, 701 (2001), as to post-removal-order detention.

- *Llanes Carnesolta v Tate*, 2026 WL 948727 (SD Tex): Holding that (i) disparate treatment between those detained under §1225(b)(2)(A) and §1226(a) doesn't violate equal protection, (ii) claims under the *Accardi* doctrine as to lawfulness of arrest fail because an illegal arrest has no bearing on the legality of detention following arrest, and (iii) claims under the Suspension Clause necessarily fail to

2

Case 4:26-cv-02323    Document 10    Filed 05/26/26 in TXSD    Page 3 of 3

the extent that petitions are addressed on the merits.

- o *Marcelo-Aguila v Noem*, 2026 WL 936337 (SD Tex): Holding that an alien's prior release on supervision doesn't constrain the Government's authority to detain an applicant for admission under §1225(b)(2)(A) without an individualized custody determination.

- o *Garcia Tabon v Dickey*, 4:25-06145 (SD Tex, Jan 22, 2026): Dismissing a claim under the APA as foreclosed by 5 USC §704 given adequacy of *habeas* relief and otherwise relying on statutory interpretation rejected in *Buenrostro-Mendez*.

The arguments presented in the petition and reply brief raise only issues resolved to the contrary in the decisions cited above. In particular, the original notice to appear presented with the petition establishes that Petitioner "has not been admitted or paroled." Dkt 1-3 at 1. Petitioner thus hasn't established that her current detention violates either the Constitution or federal law.

The motion by the Government for summary judgment is GRANTED. Dkt 8.

The petition for writ of *habeas corpus* by Petitioner Yamile Sotolongo-Cuervo is DENIED. Dkt 1.

This action is DISMISSED WITH PREJUDICE.

A final judgment will enter separately.

SO ORDERED.

Signed on ___May 26, 2026___ , at Houston, Texas.

_____
Honorable Charles Eskridge
United States District Judge